THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
LAWRENCE S. MIDDLETON (Cal. Bar No. 157866)
DENNIS MITCHELL (Cal. Bar No. 116039)
Assistant United States Attorneys
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone:  (213) 894-2484
Facsimile:  (213) 894-6436

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>PIERCE O'DONNELL,<br><br>            Defendant. | NO. CR 08-872-SJO<br><br>GOVERNMENT'S POSITION RE<br>DEFENDANT'S EX PARTE APPLICATION<br>FOR STAY OF TRIAL PENDING<br>DISPOSITION OF GOVERNMENT'S<br>INTERLOCUTORY APPEAL |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, hereby responds to defendant's ex parte application for stay of trial pending disposition of the government's interlocutory appeal.

The government believes that a stay of proceedings as to count three of the indictment is appropriate and is the preferred manner of avoiding the possibility of two separate trials on charges contained in a single indictment.  The grand jury already voted to return an indictment which includes count three.  Absent

1  a change in the evidence or law pertaining to count three, that

2  charge should not be dismissed.  Moreover, a dismissal without

3  prejudice, as suggested by the Court, would make this case more

4  complicated.  First, the government would have to require that

5  defendant waive any applicable statute of limitations defense and

6  pre-indictment delay defense that could arise from a subsequent

7  re-filing of count three.  In addition, the government would also

8  seek a waiver of indictment as to count three in order to avoid a

9  re-presentment of evidence to the grand jury.

10      Moreover, assuming the defendant was willing to provide the

11 necessary waivers, the charging pleadings in this case could

12 become unduly complicated.  In the event that the Court of

13 Appeals re-instated counts one and two, and the government re-

14 filed count three in the form of an information, defendant would

15 also have to waive any objection to the indictment and the

16 information containing count three being joined for trial.

17      In contrast to dismissal without prejudice, a stay of

18 proceedings as to count three would not create the issues

19 presented above.  A stay should be issued for the following

20 reasons:

21      1.  The Court of Appeals has issued a briefing schedule for

22 the prosecution of the government's appeal.  Under that schedule,

23 all briefing on the appeal shall be completed by October 28,

24 2009.

25      2.  Proceeding with the trial on count three prior to the

26 resolution of the government's appeal would create the

27 possibility that defendant would be subjected to two different

28 trials for alleged campaign violations charged in a single

indictment.   This would likely create an additional and
substantial financial burden on defendant and wold also require
the expenditure of extra prosecutorial resources.[1]

3.   Most, if not all of the witnesses to be called by the
government to testify at a trial on count three would also be
called to testify again if counts one and two are re-instated by
the Court of Appeals.

4.   A stay of the proceedings on count three would eliminate
the possibility of substantial judicial, defense, and government
resources being expended on a second trial as a result of a
reinstatement of counts one and two.

For these reasons, the government joins with defendant in
seeking a stay of proceedings as to count three until a ruling of
the Ninth Circuit on the government's interlocutory appeal
becomes final.   In addition, the government requests that the
Court make the following findings pertaining to excludable time
under the Speedy Trial Act (18 U.S.C. § 3161, <u>et seq.</u>):

a.   The Speedy Trial Act expressly provides for excludable
time during the pendency of an interlocutory appeal. <u>See</u> 18
U.S.C. § 3162(h)(1)(C).

b.   Based on the above-stated findings, the ends of justice
served by continuing the trial in this case as requested during
the pendency of the government's interlocutory appeal outweigh

---

[1].   While the government agrees that, if possible, an
indictment should not be split into multiple trials, it does not
agree with defendant that two separate trials in this case would
violate the Department of Justice's Dual and Successive
Prosecution Policy, also known as the Petite Policy.   The Petite
Policy simply does not apply to two trials on charges contained
within a single indictment.

1   the best interest of the public and defendant in a speedy trial.

2   See 18 U.S.C. § 3161(h)(7)(A).

3        c.   For purposes of computing time under the Speedy

4   Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

5   commence:

6        i.   The time period from June 15, 2009 through the

7   time that a Ninth Circuit ruling on the government's appeal

8   becomes final should be deemed excludable pursuant to 18 U.S.C.

9   § 3161(h)(1)(C) on the basis of the Court's findings that delay

10  resulting from any interlocutory appeal constitutes excludable

11  time.

12       ii.   The time period from June 15, 2009 through

13  the time that a Ninth Circuit ruling on the government's appeal

14  becomes final should be deemed excludable pursuant to 18 U.S.C.

15  § 3161(h)(7)(A) for the following reasons: (i) the ends of

16  justice served by the continuance outweigh the best interest of

17  the public and defendant in a speedy trial; (ii) failure to grant

18  the requested stay could result in defendant having to sustain a

19  prohibitive economic burden of two trials, and a substantial

20  expenditure of government and judicial resources which would

21  otherwise be avoidable, and (iii) failure to issue the stay would

22  be likely to result in a miscarriage of justice.

23       The government has concurrently lodged its [Proposed]

24  Findings And Order Re: Excludable Time And Stay Of Proceedings On

25  Count Three.

26  ///

27

28

4

1      For the foregoing reasons, defendant's application for a

2 stay of trial should be granted.

3

4                          Respectfully Submitted,

5                          THOMAS P. O'BRIEN
                         United States Attorney

6

7                          CHRISTINE C. EWELL
                         Assistant United States Attorney

8                          Chief, Criminal Division
DATED: June 19 , 2009

9 ———————————————————————————————

10                          DENNIS MITCHELL
                         LAWRENCE S. MIDDLETON

11                          Assistant United States Attorneys

12                            Attorneys for Plaintiff
                         UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28