Brian O'Neill (State Bar No. 038650)
Frederick D. Friedman (State Bar No. 73620)
boneill@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant
Pierce O'Donnell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE O'DONNELL,<br><br>Defendant. | Case No. 2:08-CR-872 (SJO)<br><br>**STIPULATION SETTING OF TRIAL DATE AND MAKING FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT** |

1. The Indictment in this case was filed on July 24, 2008. Mr. O'Donnell first appeared before a judicial officer in the court in which this charge is pending on August 25, 2008. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, originally required that the trial commence on or before November 3, 2008.

2. As a result of the parties' prior stipulations and the Court's findings regarding excludable time, the date by which trial was required to commence under the Speedy Trial Act became July 21, 2009.

3. On or about March 16, 2009, Mr. O'Donnell filed a Motion to Dismiss the Indictment. The government opposed Mr. O'Donnell's Motion. On June 8, 2009, the Court issued an order granting in part and denying in part Mr. O'Donnell's Motion. Under the terms of the Court's June 8, 2009 order, Counts

1  One and Two of the Indictment were dismissed while Count Three remained
2  pending.
3      4.   The government appealed to the Ninth Circuit Court of Appeals the
4  Court's June 8, 2009 order with respect to the dismissal of Counts One and Two.
5      5.   Thereafter, to avoid the prospect of two separate trials on different
6  parts of the Indictment and the resulting additional expenditure of resources, the
7  government moved to dismiss Count Three of the Indictment without prejudice
8  pending the resolution of the government's appeal of Counts One and Two. In
9  return, Mr. O'Donnell agreed (1) to toll the limitations period applicable to Count
10 Three of the Indictment from June 23, 2009 to the date that is 30 days after the date
11 that a ruling from the Ninth Circuit on the government's appeal becomes final; and
12 (2) to waive his right to indictment so that the offense described in Count Three
13 may be re-filed by the government by way of an information.
14     6.   The Court dismissed Count Three without prejudice by order dated
15 June 29, 2009 and exonerated Mr. O'Donnell's bond.
16     7.   By opinion filed June 14, 2010, the Ninth Circuit Court of Appeals
17 reinstated Counts One and Two of the Indictment.
18     8.   After Mr. O'Donnell's petition for certiorari to the United States
19 Supreme Court was denied, the Ninth Circuit issued its mandate on April 6, 2011.
20     9.   The government will file an Information containing the charges in
21 Counts One, Two and Three of the Indictment during the week of April 25, 2011.
22     10.  Mr. O'Donnell requests a trial date of July 19, 2011 on this
23 Information. Mr. O'Donnell's trial counsel requires time to review the over 1,000
24 pages of discovery, interview witnesses and otherwise prepare for trial. The last
25 time the defense reviewed these materials was in June of 2009 (just before the
26 Court dismissed Counts One and Two of the Indictment), close to two years ago.
27 The defense is planning on bringing one or more motions *in limine* and needs
28 adequate time to research and prepare those motions. The defense also needs

1    adequate time to meet with Mr. O'Donnell and to contact and interview witnesses.
2    In addition, Brian O'Neill, Mr. O'Donnell's lead trial counsel, has made
3    arrangements to attend a conference of the American Board of Criminal Lawyers
4    in London, United Kingdom, between June 7 and 16, 2011.
5        11.   On April 19, 2011, Assistant United States Attorney Dennis Mitchell,
6    lead counsel for the government, is scheduled to begin trial before the Honorable
7    John F. Walter, United States District Judge, in <u>United States v. Humphries</u>, CR
8    10-1106-JFW.  AUSA Mitchell also has an oral argument before the Ninth Circuit
9    Court of Appeals set for May 4, 2011, and hopes to attend his daughter's
10   graduation from the University of Southern California on Friday, May 13, 2011.
11       12.   Mr. O'Donnell believes that setting the trial at any earlier date would
12   deny his counsel adequate time to effectively prepare for trial.
13       13.   The request for a July 19 trial date is not based on congestion of the
14   Court's calendar, lack of diligent preparation on the part of the attorney for the
15   Government or the defense, or failure on the part of the attorney for the
16   Government to obtain available witnesses.
17       14.   The parties agree and stipulate that a continuance is necessary and
18   request that the Court find the following:
19       15.   The period from April 6, 2011, through and including the date of the
20   continuance is excludable from the period of time within which the trial of this
21   case must commence under the Speedy Trial Act, 18 U.S.C. § 3161 <u>et</u> <u>seq</u>. as time
22   necessary to reasonably ensure defendant Pierce O'Donnell and his counsel time
23   for effective preparation, taking into account the exercise of due diligence, and to
24   ensure defendant and the government continuity of counsel, within the meaning of
25   18 U.S.C. § 3161(h)(7)(B)(iv).
26       16.   The ends of justice served by granting the continuance in order to
27   allow defendant Pierce O'Donnell and his counsel adequate time to prepare for
28   trial, taking into account the exercise of due diligence, and to allow defendant and

1  the government continuity of counsel, outweigh the interests of defendant and the
2  public to a speedy trial, within the meaning of 18 U.S.C. §§ 3161(y)(7)(A) and
3  3161(h)(7)(B)(iv).

4    17.  The parties agree and stipulate and request that the Court find that
5  nothing in this stipulation and order shall preclude a finding that other provisions
6  of the Speedy Trial Act dictate that additional time periods are excludable from the
7  period within which trial must commence.  Moreover, the same provisions and/or
8  other provisions of the Speedy Trial Act may in the future authorize the exclusion
9  of additional time periods from the period within which trial must commence.

10    18.  The parties further stipulate and agree that, taking into consideration
11  all previous agreements and orders regarding excludable time, should the Court
12  grant this request for a continuance and make the findings set forth herein, 56 days
13  of the 70-day time period within which trial must commence under the Speedy
14  Trial Act, 18 U.S.C. § 3161 et seq. will have expired.  Therefore, with the granting
15  of the continuance requested herein, and with the findings regarding excludable
16  time as proposed herein, absent additional findings of excludable time, pursuant to
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1  the Speedy Trial Act, trial in this matter must commence on or before August 3,
2  2011.
3
4  IT IS SO STIPULATED:
5
6                                          Respectfully Submitted,
7                                          ANDRE BIROTTE, JR.
                                           United States Attorney
8
                                           ROBERT E. DUGDALE
9                                          Assistant United States Attorney
                                           Chief, Criminal Division
10
11
12  Dated:     April 12, 2011               /s/ Dennis Mitchell By
                                            _____
13                                          DENNIS MITCHELL
                                            Assistant United States Attorney
14                                          Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA
15                                                              Telephone
                                                                Authority
16  Dated:     April __, 2011                JONES DAY
                                             BRIAN O'NEILL
17                                           FREDERICK D. FRIEDMAN

18
19                                          _____
                                            FREDERICK D. FRIEDMAN
20                                          Attorneys for Defendant
                                            PIERCE O'DONNELL
21
22
23  Dated:     April 12, 2011               _____
                                            PIERCE O'DONNELL
24                                          Defendant
25
26
27
28