1  Brian O'Neill (State Bar No. 038650)
   Frederick D. Friedman (State Bar No. 73620)
2  ffriedman@JonesDay.com
   JONES DAY
3  555 South Flower Street
   Fiftieth Floor
4  Los Angeles, CA  90071-2300
   Telephone:  (213).489-3939
5  Facsimile:   (213.243-2539

6  Attorneys for Defendant
   Pierce O'Donnell
7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, | Case No. 2:08-CR-872 (SJO)
12 |         Plaintiff,        | **NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO BAR IRRELEVANT AND PREJUDICIAL TESTIMONY FROM "CONDUIT" WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES**
13 |    v.                     |
14 | PIERCE O'DONNELL,         |
15 |         Defendant.        |
16 |                           |
17 |                           | Date:  January 17, 2012
   |                           | Time:  9:00 a.m.
18 |                           | Judge: Courtroom of the Hon. S. James Otero

19
20
21
22
23
24
25
26
27
28

LAI-3154776v1

MOTION IN LIMINE TO BAR "CONDUIT" WITNESS FROM TESTIFYING

PLEASE TAKE NOTICE that on January 17, 2012, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable S. James Otero, defendant Pierce O'Donnell will move *in limine* to bar the government from introducing at trial any evidence that any of the so-called "conduit" contributors in this case believed that being solicited for contributions or having their contributions reimbursed was improper or illegal or that they felt uncomfortable about being asked to contribute in this way.

This Motion is made on the grounds that any such evidence is irrelevant to any issue in the case or, if marginally relevant, creates an undue risk of prejudice to Mr. O'Donnell and confusion of the jury.

This Motion is based upon the accompanying Memorandum of Points and Authorities: upon all the files and records herein; and upon such argument as may be made at the hearing.

Dated:      December 15, 2011

JONES DAY

By: /s/ Frederick D. Friedman

Attorneys for Defendant
PIERCE O'DONNELL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

In an Indictment filed July, 24, 2008, the government has charged defendant Pierce O'Donnell ("Mr. O'Donnell") with three counts involving campaign finance violations. All the counts stem from contributions allegedly made by Mr. O'Donnell through intermediaries in March 2003 to the Edwards for President ("EFP") campaign.

Count One charges conspiracy under 18 U.S.C. Section 371 to violate 2 U.S.C. Section 441f (which bars making a federal political contribution "in the name of another person . . ."). Count Two charges a substantive violation under 2 U.S.C. Section 441f involving 13 alleged "conduit" contributions made by Mr. O'Donnell to the EFP campaign. Count Three, alleged under 18 U.S.C. Sections 1001 and 2, charges that Mr. O'Donnell caused the EFP campaign to make a false statement to the Federal Election Commission ("FEC") by causing the campaign to report to the FEC that the intermediaries had made contributions when in fact Mr. O'Donnell had made them.[1]

Among other defenses, Mr. O'Donnell will assert that, because of a then-undiagnosed Bipolar Disorder, he did not have the *mens rea* to commit the charged offenses.

Several of the alleged intermediaries or conduits in this case were employees at Mr. O'Donnell's law firm. In connection with Mr. O'Donnell's sentencing under the Plea Agreement entered into in this case, in an apparent attempt to color the Court's view of the case the government claimed that one of the intermediaries,

---

[1] The Court dismissed Count Three on June 29, 2009 pursuant to the stipulation of the parties. [Docket No. 84.] This was done to remove Count Three from the case pending the government's appeal of the Court's dismissal of Counts One and Two. Pursuant to the parties' agreement, the government was to re-file Count Three, if it chose to do so, within 30 days after the Ninth Circuit's ruling on the appeal became final. The government has never re-filed Count Three and any filing of that count now would be time-barred. Thus, Count Three is out of the case.

1  "E.L.," an employee of Mr. O'Donnell's firm at the time, believed that it was
2  inappropriate for Mr. O'Donnell to ask his employees to make political
3  contributions. In the words of the report of interview prepared by the F.B.I., "She
4  [E.L.] felt everyone has different political views, and it was not right to impose on
5  the employees and make them contribute to any political campaign."
6  [Government's Response to Pre-Sentence Report and Sentencing Recommendation
7  filed October 31, 2011 (Docket 115) at 4 and Exhibit B thereto at 2.]
8      Mr. O'Donnell now moves *in limine* to bar this testimony from E.L. and
9  similar or related testimony from any of the other alleged conduits. Whether E.L.
10 or anyone else felt uncomfortable or pressured—and Mr. O'Donnell believes that
11 the evidence shows no such pressure or discomfort—is simply not relevant to the
12 offenses charged. This is especially so where, as here, none of the conduits
13 communicated their feelings of pressure or discomfort to Mr. O'Donnell. Thus,
14 such evidence has no place in the case. Similarly, whether any of the
15 intermediaries believed that reimbursing contributions was illegal or improper is
16 also irrelevant (the defense is not aware that any conduits had such a belief). Even
17 if somehow this evidence is marginally relevant, any such marginal relevance is
18 outweighed by the risk of prejudice to Mr. O'Donnell and confusion of the jury.

19 **II.   ARGUMENT**
20     Only relevant evidence is admissible. F.R.E. Rule 402. Further, even
21 relevant evidence may be excluded if its probative value is substantially outweighed
22 by the danger of unfair prejudice, confusing the issues, misleading the jury, undue
23 delay, wasting time, or needlessly presenting cumulative evidence. F.R. E. Rule
24 403.
25     Here, E.L.'s alleged unease when Mr. O'Donnell's assistant asked her to
26 contribute to the EFP campaign has no bearing on any issue in the case. She should
27 not be prompted by the prosecutor to express this unease, which would only serve
28 to confuse the jury and prejudice it against Mr. O'Donnell. No other conduit

1  witness should be questioned on this topic.

2  Similarly, while the defense has no information that any of the conduits will testify that they believed that reimbursing contributions was illegal, any such testimony should also be barred. The belief of the intermediary on this point is wholly irrelevant. What is at issue is Mr. O'Donnell's belief on this subject. Clearly, none of the conduits spoke to Mr. O'Donnell on this issue at any time that the reimbursements were made. Thus, their own unexpressed beliefs on this topic are irrelevant. *See United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979) (absent testimony that defendant had knowledge of customer complaint, evidence should be excluded because not probative of defendant's state of mind).

### III. CONCLUSION

For the reasons stated above, the Motion should be granted.

Dated: December 15, 2011

JONES DAY

By: /s/ Frederick D. Friedman

Attorneys for Defendant
PIERCE O'DONNELL

LAI-3154776v1

- 3 -