Brian O'Neill (State Bar No. 038650)
Frederick D. Friedman (State Bar No. 73620)
ffriedman@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213).489-3939
Facsimile: (213.243-2539

Attorneys for Defendant
Pierce O'Donnell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PIERCE O'DONNELL,<br><br>　　　　　　Defendant. | Case No. 2:08-CR-872 (SJO)<br><br>**NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO BAR IRRELEVANT AND PREJUDICIAL TESTIMONY FROM "CONDUIT" WITNESSES RE ALLEGED NEGATIVE COLLATERAL CONSEQUENCES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　January 17, 2012<br>Time:　　9:00 a.m.<br>Judge:　　Courtroom of the<br>　　　　　　Hon. S. James Otero |

1  PLEASE TAKE NOTICE that on January 17, 2012, at 9:00 a.m., or as soon
2  thereafter as the matter may be heard, in the Courtroom of the Honorable S. James
3  Otero, defendant Pierce O'Donnell will move *in limine* to bar the government from
4  introducing at trial any evidence that any of the so-called "conduit" contributors in
5  this case suffered, or feared that they would suffer, any negative collateral
6  consequences from having made the reimbursed contributions that are the subject of
7  this case.

8  This Motion is made on the grounds that any such evidence is irrelevant to
9  any issue in the case or, if marginally relevant, creates an undue risk of prejudice to
10 Mr. O'Donnell and confusion of the jury.

11 This Motion is based upon the accompanying Memorandum of Points and
12 Authorities: upon all the files and records herein; and upon such argument as may
13 be made at the hearing.

15 Dated:      December 19, 2011          JONES DAY

17                                         By: /s/ Frederick D. Friedman
18                                         Frederick D. Friedman
19                                         Attorneys for Defendant
                                           PIERCE O'DONNELL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

In an Indictment filed July, 24, 2008, the government has charged defendant Pierce O'Donnell ("Mr. O'Donnell") with three counts involving campaign finance violations. All the counts stem from contributions allegedly made by Mr. O'Donnell through intermediaries in March 2003 to the Edwards for President ("EFP") campaign.

Count One charges conspiracy under 18 U.S.C. Section 371 to violate 2 U.S.C. Section 441f (which bars making a federal political contribution "in the name of another person . . ."). Count Two charges a substantive violation under 2 U.S.C. Section 441f involving 13 alleged "conduit" contributions made by Mr. O'Donnell to the EFP campaign. Count Three, alleged under 18 U.S.C. Sections 1001 and 2, charges that Mr. O'Donnell caused the EFP campaign to make a false statement to the Federal Election Commission ("FEC") by causing the campaign to report to the FEC that the intermediaries had made contributions when in fact Mr. O'Donnell had made them.[1]

Among other defenses, Mr. O'Donnell will assert that, because of a then-undiagnosed Bipolar Disorder, he did not have the *mens rea* to commit the charged offenses.

Several of the alleged intermediaries or conduits in this case were employees at Mr. O'Donnell's law firm. Others are relatives or friends of those employees. In the discovery made available by the government, some of the intermediaries mention that they suffered, or were concerned that they might suffer, negative

---

[1] The Court dismissed Count Three on June 29, 2009 pursuant to the stipulation of the parties. [Docket No. 84.] This was done to remove Count Three from the case pending the government's appeal of the Court's dismissal of Counts One and Two. Pursuant to the parties' agreement, the government was to re-file Count Three, if it chose to do so, within 30 days after the Ninth Circuit's ruling on the appeal became final. The government has never re-filed Count Three and any filing of that count now would be time-barred. Thus, Count Three is out of the case.

collateral consequences from having been involved in the reimbursed contributions. For instance, intermediary A.L., a legal resident alien, told the Federal Bureau of Investigation that she was concerned that her involvement might affect her chances of becoming a United States citizen. Intermediary E.L. told the Federal Election Commission that she was hurt by the publicity surrounding the case, some of which referred to her by name and disclosed personal facts about her.

Testimony on these topics should not be admitted. That an intermediary suffered negative collateral consequences, or was concerned that such consequences might ensue, is not relevant to any issue in the case.

## II. ARGUMENT

Only relevant evidence is admissible. F.R.E. Rule 402. Further, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. F.R.E. Rule 403.

Here, the government should be barred from eliciting testimony from the intermediaries about actual or possible negative consequences from their having made the reimbursed contributions that are the subject of this case. Such testimony is not relevant to any issue in the case. Further, even if marginally relevant, such testimony would only serve to prejudice the jury against Mr. O'Donnell by encouraging them to blame him for involving his employees and others in the conduct in question.

///
///
///
///
///

### III. CONCLUSION

For the reasons stated above, the Motion should be granted.

Dated: December 19, 2011

JONES DAY

By: /s/ Frederick D. Friedman
Frederick D. Friedman

Attorneys for Defendant
PIERCE O'DONNELL