```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    DENNIS MITCHELL (Cal. Bar No. 116039)
 4  Assistant United States Attorney
         1300 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone: (213) 894-2484
         Facsimile: (213) 894-6436
 7  Attorneys for Plaintiff
    United States of America
 8
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 08-872-SJO |
|---|---|
| Plaintiff, | ) STIPULATION REGARDING SENTENCING |
| v. | ) STATUS CONFERENCE: Feb. 27, 2012 |
| PIERCE O'DONNELL, | ) PLACE: Courtroom No. 1 |
| Defendant. | ) TIME: 10:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California ("USAO"), and defendant Pierce O'Donnell ("defendant"), individually and by and through his attorneys of record, Brian O'Neill, Esq., and Frederick Friedman, Esq., hereby stipulate as follows:

1. On or about August 2, 2011, the parties filed a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). That agreement provided, among other things, that defendant plead guilty to two misdemeanor counts alleging violations of federal election law, namely, 2 U.S.C. §§ 441f,

1  437g(d) (conduit campaign contributions).  The plea agreement
2  also provided that defendant serve a term of six months
3  imprisonment.
4       2.   Pursuant to the plea agreement, on August 4, 2011,
5  defendant entered guilty pleas to counts one and two of a First
6  Superseding Information (CR 08-872(A)-SJO)) filed in this matter.
7       3.   On November 14, 2011, the Court held a sentencing
8  hearing and indicated that it was not willing to impose the
9  sentence set forth in the parties' plea agreement.
10      4.   On January 17, 2012, the Court reiterated its reasons
11 for its unwillingness to impose the sentence set forth in the
12 plea agreement.  Defendant confirmed that, despite the Court's
13 rejection of the plea agreement, defendant did not wish to
14 withdraw his guilty pleas.  The Court encouraged the parties to
15 continue discussions to see if a proposed resolution of the
16 dispute over sentencing could be reached.
17      5.   The parties have had additional discussions since the
18 January 17, 2012 hearing and have arrived at the following
19 agreement pertaining to sentencing on the two counts to which
20 defendant's guilty pleas remain in place.  Specifically, the
21 parties have agreed to recommend that the Court impose a sentence
22 that includes the following provisions:
23           a.   Defendant shall serve a term of imprisonment of 60
24 days.
25           b.   Defendant shall be placed on supervised release for
26 a period of 12 months (the maximum for the offenses to which

2

defendant has entered guilty pleas), with the conditions of supervised release including, together with such other conditions as the court determines appropriate, the following: (i) defendant shall be required to reside at a residential re-entry center for a period of four months; and (ii) during the term of supervised release, defendant shall perform 200 hours of community service as directed by his supervising probation officer.

       c.    Defendant shall pay a fine in the amount of $20,000.

       d.    Defendant shall pay a special assessment of $50.

       e.    During the 16 months after the completion of his term of supervised release, defendant shall perform an additional 300 hours of community service. Compliance with this obligation shall be enforced as follows: (i) defendant shall report the performance of this additional community service, specifying the hours performed and providing proof of performance, in writing to the USAO on a quarterly basis, that is, within no later than one week after the expiration of each 90 day period after the completion of the term of supervised release; (ii) if the USAO believes that defendant has failed to comply with his obligation to perform community service, it shall first advise defendant in writing, and provide defendant with the opportunity to cure or explain, in a writing addressed to the USAO, the alleged failure; (iii) if the USAO, after reviewing defendant's response, continues to believe that defendant has failed to comply with his obligation to perform community service, it shall file with the

1  Court an ex parte application seeking an order to show cause why
2  defendant should not be held in contempt for failure to comply
3  with the Court's order regarding performance of community
4  service; (iv) this Court shall retain jurisdiction to determine
5  whether defendant has complied with its order regarding
6  performance of community service and to punish any failure by
7  defendant to comply with this order as contempt of court; (v) by
8  executing this stipulation, defendant consents to this Court's
9  retention of jurisdiction for the purposes specified above.
10     6.  Defendant, and his counsel specifically acknowledge and
11 agree that the agreed-upon sentence is just, fair, and
12 appropriate, and that it takes into account both the seriousness
13 of defendant's criminal conduct and any and all of defendant's
14 personal circumstances both prior to and after his commission of
15 the charged offenses.  Defendant and his counsel specifically
16 request, therefore, that the Court impose the agreed-upon
17 sentence.
18     7.  In the event that this Court is unwilling to impose the
19 agreed-upon sentence, the parties request that the Court transfer
20 this matter to a Magistrate Judge who can review the parties'
21 plea agreement and this stipulation and determine whether to
22 impose the agreed-upon sentence. If the Magistrate Judge is not
23 willing to impose the agreed-upon sentence, then the parties
24 ///

4

reserve all of their rights, including the government's right to prosecute counts one and two of the indictment.

IT IS SO STIPULATED.

          Respectfully Submitted,

          ANDRÉ BIROTTE JR.
          United States Attorney

          ROBERT E. DUGDALE
          Assistant United States Attorney
          Chief, Criminal Division

DATED: Feb. 22, 2012

          DENNIS MITCHELL
          Assistant United States Attorney

          Attorneys for Plaintiff
          UNITED STATES OF AMERICA

DATED: Feb 22, 2012    JONES DAY
          BRIAN O'NEILL
          FREDERICK D. FRIEDMAN

          FREDERICK D. FRIEDMAN

          Attorneys for Defendant
          PIERCE O'DONNELL

DATED: February 21, 2012

          PIERCE O'DONNELL
          Defendant