## United States District Court
## Central District of California

**\*\*\*AMENDED\*\*\***

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | **CR 08-00872 SJO** |
| **Defendant** O'DONNELL, Pierce | | **Social Security No.** 5  7  2  4 | |
| akas: Pierce O'Donnell | | (Last 4 digits) | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 03 | 05 | 2012 |

**COUNSEL**     Brian O'Neill, retained & Frederick D. Friedman, retained
(Name of Counsel)

**PLEA**     [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**     There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**2 U.S.C. § 437g(d), 441(f) :Illegal Campaign Contributions, as charged in Count One of the First Superseding Information;**
**18 U.S.C. § 2(b): Causing an Act to Be Done, as charged in Count Two of the First Superseding Information.**

**JUDGMENT AND PROB/ COMM ORDER**     The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $50, which is due immediately.

It is ordered that the defendant shall pay to the United States a total fine of $ 20,000, consisting of the following: Count 1, a fine of $ 10,000; Count 2, a fine of $ 10,000. The total fine shall bear interest as provided by law and shall be paid in full no later than 90 after the date of this judgment.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Pierce O'Donnell, is hereby committed on Counts 1 and 2 of the First Superseding Information to the custody of the Bureau of Prisons to be imprisoned for a term of 60 days. This term consists of 60 days on each of Counts 1 and 2 of the First Superseding Information, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of one year. This term consists of one year on Counts 1 and 2, all terms to run concurrently under the following terms and conditions:

1. The defendant shall be required to reside in a residential facility for a term of 120 days or 4 months, the facility is to be determined by the Probation Department.

1. The defendant shall comply with General Order No. 01-05;

USA vs.  O'DONNELL, Pierce                                              Docket No.:   CR 08-00872-SJO

2. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

3. The defendant shall not commit any violation of local, state or federal law or ordinance.

4. During the period of supervision the defendant shall pay the special assessment and fine in accordance with this judgment's orders of the Court;

5. The defendant shall perform  200 hours of community service, as directed by the Probation Officer;

6. The defendant shall cooperate in the collection of a DNA sample from the defendant;

7. The defendant shall not engage in political fund raising without written approval of the probation department.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is additionally Ordered that:

During the 16 months after completion of his term of supervised release, defendant shall perform an additional 300 hours of community service.  Compliance with this obligation is pursuant to the stipulation by counsel as follows:

(I) Defendant shall report the performance of this additional community service, specifying the hours performed and providing proof of performance, in writing to the United States Attorney's Office on a quarterly basis, that is, within no later than one week after the expiration of each 90 day period after the completion of the term of supervised release;

(ii) if the United States Attorney's Office believes that defendant has failed to comply with his obligation to perform community service, it shall first advise defendant in writing, and provide defendant with the opportunity to cure or explain, in a writing addressed to the United States Attorney's Office, the alleged non-compliance:

(iii) if the United States Attorney's Office, after reviewing defendant's response, continues to believe that defendant has failed to comply with his obligation to perform community service, it shall file with the Court an ex parte application seeking an order to show cause why defendant should not be held in contempt for failure to comply with the Court's order regarding performance of community service;

USA vs.   O'DONNELL, Pierce                                           Docket No.:   CR 08-00872-SJO

 (iv) Pursuant to agreement and stipulation by the parties, this Court shall retain jurisdiction to determine whether defendant has complied with its order regarding performance of community service and to punish any failure by defendant to comply with this order as contempt of Court;

 (v) Defendant and counsel stipulate to the Court's jurisdiction.

The Court strongly recommends that Defendant, who is 65 years old and has *joint legal and, as a practical matter, 100% percent physical custody* of his 16-year-old daughter, be designated to the Federal Prison Camp at Lompoc, California, to be as close to his home and children as possible and to afford him daily outdoor and indoor exercise and movement to assist improved health and continued weight reduction. If the Bureau of Prisons is unable to accommodate placement at FPC Lompoc, then placement at the Taft Correctional Institution satellite camp is alternately recommended. The Court does not want Defendant placed in a more restrictive and confining facility such as an MDC or MCC, in the interest of his overall health and visiting conditions for his three minor children.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on Monday, May 7, 2012. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

The Court advises defendant of his right to appeal. The Court informs defendant that pursuant to the plea agreement and stipulation, the defendant has waived his right to appeal.

If a bond has been re-instituted since the Order of 06/29/2009, then it is Ordered be exonerated at self-surrender.  If a bond has not been re-instituted, then it is the Order of the Court that a bond is not required.

*Court and Counsel confer regarding defendant's suspension from the local federal bar pursuant to Local Rule 83-3.2.1, and the proper procedures for suspension from the Court's bar. *

In the interest of Justice, the Court Grants Government's motion to dismiss the underlying indictment.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

March 16, 2012                                                            _S. James Otero_
Date                                                                      U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

March 16, 2012                           By       Clerk, U.S. District Court

| USA vs. O'DONNELL, Pierce | Docket No.: CR 08-00872-SJO |
|---|---|

|  | /s/ Christine Chung |
|---|---|
| Filed Date | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs.   O'DONNELL, Pierce                                              Docket No.:   CR 08-00872-SJO

   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____

| USA vs. O'DONNELL, Pierce | Docket No.: CR 08-00872-SJO |
|---|---|

at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____    _____
Date                             Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____    _____
Filed Date                       Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                                          Date

_____     _____
U. S. Probation Officer/Designated Witness       Date